UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

          Plaintiff,

v.

Scott Homer McKinley,

          Defendant.

MEMORANDUM OPINION
AND ORDER
Criminal No. 10-182 ADM/AJB

_____

Thomas M. Hollenhorst, Esq., United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Scott Homer McKinley, Pro se.
_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Scott Homer McKinley's ("McKinley") pro se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255[Docket No. 47] ("Motion"). For the reasons set forth herein, McKinley's Motion is denied.

## II. BACKGROUND

Defendant Scott Homer McKinley pled guilty to conspiracy to distribute heroin and oxycodone in violation of 21 U.S.C. §§ 841 (a)(1), (b)(1)(B), and 21 U.S.C. § 846. Sentencing Judgment [Docket No. 37]. McKinley was sentenced on January 13, 2011, to 188 months imprisonment and eight years of supervised release. Id. at 2-3.

McKinley has a very significant criminal history. McKinley's recorded criminal history began in April 1978 and continued unabated until pleading guilty to the instant offense on September 14, 2010. Presentence Investigation Report ¶¶ 43-72. In total, McKinley has twenty-

six prior convictions on his record, eighteen of which are felonies, and eight of which are felony drug convictions.  Sentencing Recommendation at 2.  McKinley earned career offender status, subjecting him to a sentencing guideline offense level of 37, which carries a statutory maximum of life in prison.  Presentence Investigation Report ¶ 39.  A three point deduction was assessed due to his accepting responsibility, placing McKinley's offense level at 34, which carries a guideline range of 262 to 327 months.  Id. at F.2.

McKinley was sentenced to 188 months, a term of incarceration below what was suggested in the presentence investigation report and below the applicable guideline range.  Despite the reduced sentence, McKinley appealed his sentence to the United States Court of Appeals for the Eighth Circuit, arguing any sentence beyond the statutory minimum of 120 months was not supported by the record.  United States v. McKinley, No. 11-1132, 2011 WL 3242237, *1 (8th Cir. Aug. 1, 2011).  Acknowledging the significant departure from what was recommended by the sentencing guidelines, the Eighth Circuit affirmed the sentence, finding the length of incarceration was appropriate given McKinley's extensive criminal history.  Id.  Undeterred by the adverse appellate ruling, McKinley filed the instant Motion on May 7, 2012.

### III.  DISCUSSION

To prevail on a 28 U.S.C. § 2255 motion, the prisoner must show "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . ." 28 U.S.C. § 2255(a).  It is settled law that in order to prevail on a § 2255 motion, the prisoner needs to show there was a "fundamental defect which results in a complete miscarriage of justice."  Davis v. United States,

417 U.S. 333, 346 (1974); see also Sun Bear v. United States, 644 F.3d 700, 704 (8th Cir. 2011) (holding that the miscarriage of justice standard is appropriate for § 2255 claims premised on alleged sentencing errors).

McKinley's Motion asserts both unique and rehashed arguments previously presented to the Eighth Circuit. Essentially, McKinley posits two arguments why his sentence should be reduced. First, McKinley advances that this Court failed to adequately consider his homelessness and drug addiction in crafting a suitable length of incarceration. Mot. [Docket No. 47] at 2-5. Second, McKinley believes his criminal history was grossly overstated, resulting in him being incorrectly labeled as a career offender. Id. at 6-11. Each argument will be addressed in turn.

**A. Homelessness and Lifelong Drug Addiction**

McKinley argues here, as he did on appeal, that this Court failed to consider his plight of homelessness and drug addiction for most of his adult life. Id. at 2-5. This argument fails for two reasons.

First, McKinley's argument runs into a procedural hurdle he cannot overcome. Barring rare exceptions that are not present here, § 2255 motions cannot be used to attack issues raised and decided on direct appeal. Sun Bear, 644 F.3d at 702. McKinley initially raised this issue before sentencing and it was considered by this Court when determining an appropriate sentence. See Def.'s Position Pleading & Mem. of Sentencing [Docket No. 33] at 3-5. Despite a significant departure from what was recommended by the Bureau of Prisons and the United States Sentencing Guidelines, McKinley appealed his sentence to the Eighth Circuit. United States v. McKinley, No. 11-1132, 2011 WL 3242237 (8th Cir. Aug. 1, 2011). On appeal, McKinley recited his struggle with homelessness and drug addiction. Id. at *1. The Court of Appeals, in

affirming the length of sentence, found that ". . . the record indicates that the district court was aware of [McKinley's homelessness and addiction] and, we presume, took them into account in sentencing." Id.  In regards to whether this concern has been decided on direct appeal, the record is unequivocal.  Thus, this argument suffers from a fatal procedural bar and cannot be used to level an additional attack using the same challenge attempted on direct appeal.

   Even if McKinley did not raise this issue on appeal, his argument fails because his homelessness and drug addiction were considered during sentencing.  This Court understands that persons in the grip of controlled substance addiction have limited options.  Beginning with marijuana at age eighteen, drug addiction has plagued McKinley for most of his adult life.  Presentence Investigation Report ¶¶ 124-27.  McKinley has also struggled with cocaine, heroin, and oxycodone addiction throughout his life, which likely exacerbated his criminal activity.  Id.  Drug addiction affects millions of Americans in every judicial district and is a serious impediment to maintaining a law-abiding life.  The addictive nature of controlled substances is well-documented and was considered in adopting the U.S. Sentencing Guidelines §5H1.4, which recommends that incarcerated defendants with substance abuse dependency also be given supervised release periods with required participation in dependency programs.  U.S.S.G. §5H1.4.  These factors were taken into account when McKinley was sentenced to 188 months imprisonment with eight years of supervised release.  Furthermore, his sentence recommended participation in the 500 Hour Residential Drug Abuse Program while incarcerated and participation in a substance abuse program when on supervised release.  Id.  This sentence is consistent with the sentencing guidelines.

**B. Previous Crimes are Not Grossly Overstated**

Similar to the above analysis, McKinley's argument that his criminal history is overstated faces a fatal procedural barrier. This argument could have been raised on his direct appeal to the Eighth Circuit but it was not. Therefore, McKinley is barred from raising it here for the first time. See United States v. Lefkowitz, 289 F. Supp. 2d 1076, 1080-81 (D. Minn. 2003) ("[I]ssues that could have been, but were not, raised on direct appeal are waived and cannot be asserted for the first time in a collateral § 2255 action absent a showing of cause and actual prejudice, or a showing of actual innocence.") (citing United States v. Frady, 456 U.S. 152, 167–68 (1982) and Swedzinski v. United States, 160 F.3d 498, 500 (8th Cir.1998)).

Irrespective of the procedural deficiency, McKinley's argument fails on the merits. McKinley argues his overstated criminal history resulted in his being wrongfully categorized as a career offender, doubling his guideline range and making him ineligible for a downward departure pursuant to U.S.S.G § 4A1.3(b)(1). Mot. at 6-11. This argument lacks merit because McKinley's criminal history is extensive and fits squarely within the sentencing guidelines definition of a career offender.

The sentencing guidelines define a career offender as someone who 1) committed the instant offense at or over the age of eighteen; 2) the instant conviction is for a crime of violence or a controlled substance offense; and 3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a). As previously discussed, McKinley has an extensive criminal history spanning five decades. Presentence Investigation Report ¶¶ 43-72. McKinley's previous convictions meet what is required by the sentencing guidelines for the career offender designation. First, McKinley committed the instant

offense when he was over the age of eighteen. Second, the instant conviction is a controlled substance offense. Third, McKinley has at least two prior felony convictions of either a crime of violence or for a controlled substance offense. Specifically, McKinley has been convicted of possession of intent to sell cocaine, sale of cocaine, and theft from a person. Presentence Investigation Report ¶ 39. Beyond the three convictions highlighted in the Presentence Investigation, McKinley's lengthy criminal record more than satisfies the requirements for becoming a career offender. For example, McKinley's criminal history includes Felony Burglary in 1982, Felony Theft in 1984, Felony Fifth Degree Possession of Marijuana in 1995, Felony Fifth Degree Possession of Opiates in 1998, Felony Fifth Degree Possession of a Controlled Substance in 1998, Felony Fifth Degree Possession of a Controlled Substance in 2002, and Felony Fleeing a Peace Officer in a Motor Vehicle in 2005, among others. Id. at ¶¶ 46-65. Reflecting what was recommended by the sentencing guidelines, McKinley was labeled a career offender, which carries a maximum penalty of life in prison. See U.S.S.G. § 4B1.1(b).

    McKinley suggests the career offender label is reserved for individuals involved in large-scale narcotics trafficking operations earning significant amounts of money. Mot. at 7-8. McKinley is not a large-scale narcotics trafficker flush with assets. In fact, quite the opposite is true, as evidenced by McKinley's ongoing struggle to find and secure permanent housing. However, the plain language of the sentencing guidelines does not foreclose someone such as McKinley qualifying as a career offender. McKinley's prior convictions fit the required elements promulgated by the sentencing guidelines. See U.S.S.G. § 4B1.1(b). Therefore, this Court did not exaggerate McKinley's criminal history. McKinley was appropriately sentenced as a career offender.

McKinley next argues he should have been eligible for a reduction pursuant to U.S.S.G § 4A1.3(b)(1) because his criminal history category overstates the seriousness of his criminal history. Mot. at 8. While the majority of his prior drug offenses directly limit the harm to McKinley personally, it is impossible to ignore the unbridled criminal activity McKinley has conducted throughout his adult life. Moreover, U.S.S.G.§ 4A1.3(b)(1) recommends a downward departure if the likelihood of recidivism is low. McKinley has struggled with controlled substance issues for many years. Based on his criminal history, an additional offense involving narcotics is an unfortunate possibility that cannot be ignored. This Court did not commit a miscarriage of justice when it decided not to depart downward pursuant to U.S.S.G. § 4A1.3(b)(1).

Finally, even if a § 4A1.3(b)(1) reduction was warranted, McKinley would have had an adjusted offense level of 34, which carries a guideline range of 235 to 293 months, a suggested term of incarceration substantially longer than what McKinley ultimately received. From the sentence that was ultimately ordered, it is clear the above factors were considered and used to craft a reasonable sentence.

### IV. CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir. 1997). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court finds it unlikely that another court would decide the issues raised in this motion differently, or that any of

the issues raised in McKinley's motion would be debatable among reasonable jurists. Therefore, the Court declines to grant a certificate of appealability.

## V.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that McKinley's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Docket No. 47] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  June 29, 2012.